**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURAT SINGH BHANDARI, | No.    19-73035 |
| Petitioner, | Agency No. A206-184-847 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 2, 2021[**]
San Francisco, California

Before:  RAWLINSON and BUMATAY, Circuit Judges, and EATON, Judge, United States Court of International Trade.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

Petitioner Surat Singh Bhandari (Bhandari), a native and citizen of Nepal, seeks review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Bhandari alleges that he fears harm from extremist Communist Maoists should he return to Nepal.

Substantial evidence supports the agency's adverse credibility determination. *See Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020) (reviewing adverse credibility determination for substantial evidence). As the BIA pointed out, Bhandari's testimony lacked detail regarding facts not mentioned in his declaration in support of asylum. *See Iman v. Barr*, 972 F.3d 1058, 1065 (9th Cir. 2020) ("The lack of detail in an applicant's testimony can be a relevant factor for assessing credibility."). For example, consistent with his declaration, Bhandari gave the exact date of a Maoist attack in 2004 and how many people from each side died, as well as the specific date in 2008 when certain Maoists assaulted him and the names of those attackers. But Bhandari could not recall when he moved to Kathmandu, when his father first received threats from Maoists, his father's birthday or age, or details about a threatening letter Maoists sent Bhandari.

The BIA also noted that Bhandari's testimony was inconsistent and implausible regarding the Maoists' behavior and actions. *See Don v. Gonzales*, 476 F.3d 738, 743 (9th Cir. 2007) (holding that implausible testimony regarding interactions with alleged persecutors supported adverse credibility finding). On the one hand, Bhandari testified that Maoists battled the army and police and acted with impunity. On the other hand, Bhandari related incidents where Maoists were scared off by villagers or the mere threat of police.

In another example, Bhandari testified that fifteen armed Maoist militants who had just attacked government forces demanded that his family provide them with food and shelter. When they refused, the Maoists beat Bhandari. But the Maoists did not force their way inside the house, even though the Bhandaris were weaponless.

In addition, the BIA considered that although Bhandari testified that Maoists beat him severely on several occasions, he only received minor treatment, such as a massage, ointments, bandages, cold compression, vitamins, some medicines, and exercises. The Immigration Judge (IJ) gave little weight to a copy of a hand-written letter from a physiotherapist, whom Bhandari described as "like a brother" to him, because the original was unavailable and the letter contained phrases nearly identical to another document Bhandari had submitted to the immigration court.

3

The BIA agreed with the IJ that the documents Bhandari submitted did not adequately corroborate his claims. Bhandari does not challenge this determination, so he has waived that issue. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1260 (9th Cir. 1996).

Finally, the BIA relied on the IJ's observations of Bhandari's demeanor, to which we give "special deference." *Ling Huang v. Holder*, 744 F.3d 1149, 1154 (9th Cir. 2014). The BIA highlighted that, "upon cross-examination, the respondent began blinking rapidly, shifting in his seat, fidgeting, and looking down."

Contrary to Bhandari's contention, the agency did not "cherry-pick" the evidence. Rather, the evidence was thoroughly discussed, analyzed, and explained. Substantial evidence supports the adverse credibility determination. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (holding that under the substantial evidence standard of review, the agency's findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

Because Bhandari failed to meet his burden of establishing eligibility for asylum, he necessarily fails to meet the higher burden of proof required for withholding of removal. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th

4

Cir. 2016).

Any argument as to Bhandari's CAT claim was waived because he did not discuss the matter in his opening brief. *See Velasquez-Gaspar*, 976 F.3d at 1065.

**PETITION DENIED**.